UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on May 11, 2006

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | CRIMINAL NO.: |
| | : | |
| | : | Grand Jury Original |
| | : | |
| v. | : | VIOLATIONS: |
| | : | |
| | : | 18 U.S.C. § 1920 (FECA Fraud) |
| | : | (Count 1); |
| JOSEPH MUHIDIN MUSTAFA | : | 18 U.S.C. § 1341 (Mail Fraud) |
| | : | (Counts 2-3); |
| | : | 18 U.S.C. § 1343 (Wire Fraud) |
| Defendant. | : | (Counts 4-5); |
| | : | 18 U.S.C. § 641 (Theft of Government |
| | : | Money) (Count 6); |
| | : | 18 U.S.C. § 1512 (Obstruction of Justice) |
| | : | (Counts 7-8) |
| | : | |

**INDICTMENT**

The Grand Jury charges that:

Introduction

At all times material to the Indictment:

1.  Beginning on or about February 1989, JOSEPH MUHIDIN MUSTAFA, was hired in a temporary capacity by the United States Senate as a cable installer. On or about March 2, 1989, he was injured while at work when he tore his left anterior cruciate ligament (ACL).

2.  On or about April 20, 1989, JOSEPH MUHIDIN MUSTAFA applied for and was accepted into the employee compensation program established by the Federal Employees Compensation Act (FECA), 5 U.S.C. § 8101, *et seq.*, which is administered by U.S. Department of

Labor, Employment Standards Administration, Office of Workers' Compensation Programs (OWCP), located at 800 North Capitol Street, NW, in Washington, DC. OWCP accepted his condition as a "temporary total disability," and began paying him disability compensation. From on or about May 1, 1989, until on or about September 22, 1990, JOSEPH MUHIDIN MUSTAFA received $14,729.30 in disability compensation payments from OWCP in several lump-sum payments.

3. Beginning on or about September 22, 1990, JOSEPH MUHIDIN MUSTAFA was placed on OWCP's periodic rolls, and he began receiving a monthly tax-free benefit, based on a percentage of his former monthly salary. JOSEPH MUHIDIN MUSTAFA continued to receive a monthly payment from OWCP each and every month from on or about September 22, 1990, until on or about February 18, 2006. In total, he received $220,608 in disability compensation benefits.

4. During the seventeen years that JOSEPH MUHIDIN MUSTAFA received disability compensation benefits, he underwent five surgeries to his left knee. OWCP continued to classify him as "temporarily totally disabled" until June 23, 2003, when he was cleared for light duty work by an orthopedic surgeon who provided this opinion to OWCP.

5. At the time of his enrollment, OWCP advised JOSEPH MUHIDIN MUSTAFA of the requirements of the FECA program, which included the responsibility to seek suitable work as soon as he was medically able. JOSEPH MUHIDIN MUSTAFA was required to report immediately to OWCP information about any employment, including the rate of pay he received and whether he received any "wages in kind." JOSEPH MUHIDIN MUSTAFA was also required to report any other income he earned or benefits he received to OWCP.

6.      Once JOSEPH MUHIDIN MUSTAFA was placed onto OWCP's periodic rolls, the agency required him to complete several forms on an annual basis to certify that he continued to be eligible to receive disability payments. Specifically, the program required JOSEPH MUHIDIN MUSTAFA to complete the following forms:

- Form 1032, titled "Claim for Continuing Compensation on Account of Disability," required him (a) to report whether he had engaged in any employment, been involved in any business enterprises, performed any volunteer work, undergone any changes in medical condition, earned any income, or received any benefits, during the fifteen months prior to the filing of the form; and (b) to certify that he understood that "anyone who fraudulently conceals or fails to report income or other information which would have an effect of benefits" may be subject to criminal prosecution.

- Form SSA-581, which authorized OWCP to obtain earnings information reported to the Social Security Administration on his behalf.

- Form OWCP-5, titled "Work Capacity Evaluation Form," which he was required to forward to his treating physician to confirm that he remained incapacitated.

Over the seventeen years he participated in the OWCP program, JOSEPH MUHIDIN MUSTAFA occasionally failed to complete the paperwork required by the program.

### The Scheme to Defraud

7. From on or about May 5, 1998, continuing until on or about February 18, 2006, JOSEPH MUHIDIN MUSTAFA devised a scheme whereby he would omit and affirmatively misrepresent, by making false, fictitious, and fraudulent statements to OWCP, information about his engagement in business enterprises and his employment activities, and the money he derived thereby, in order to receive disability compensation payments from OWCP to which he was not entitled, and would use interstate means, including the U.S. Mail and electronic wire transmissions, to execute or otherwise perpetrate his scheme.

### The Manner and Means of the Scheme

8. From on or about May 5, 1998, continuing until on or about February 18, 2006, JOSEPH MUHIDIN MUSTAFA was involved in a business enterprise in which he engaged in amateur street car racing at venues located in and around the mid-Atlantic area. To facilitate this enterprise, he purchased and maintained various competitive race cars. Over this period, he earned an average of $400 per week in prize money. JOSEPH MUHIDIN MUSTAFA did not report these earnings to OWCP.

9. Beginning on or about August 23, 2004, and continuing until on or about June 30, 2005, JOSEPH MUHIDIN MUSTAFA was employed as a security guard by Code 3 Security, of Landover, MD. During this period in time, he was paid wages of between $10 and $12 per hour in cash and by check. In 2005, Code 3 Security filed an Internal Revenue Service (IRS) Form 1099 stating that JOSEPH MUHIDIN MUSTAFA had earned $13,061. In 2004, Code 3 Security did not file a Form 1099 for JOSEPH MUHIDIN MUSTAFA. JOSEPH MUHIDIN MUSTAFA did not report the income he had earned from Code 3 Security to OWCP.

10. Beginning on or about July 1, 2005, and continuing until on or about February 18, 2006, JOSEPH MUHIDIN MUSTAFA was employed as a security guard and as the Director of Operations by APS Security (also know as Aggressive Protection Security) of Annapolis, MD. In 2005, APS Security filed an IRS Form 1099 stating that JOSEPH MUHIDIN MUSTAFA had earned $29,087.39. In 2006, APS Security filed an IRS Form 1099 stating that JOSEPH MUHIDIN MUSTAFA had earned $85,573. JOSEPH MUHIDIN MUSTAFA did not report the money he had earned from APS Security to OWCP.

11. During these periods, specifically from on or about May 1998, continuing through on or about February 18, 2006, JOSEPH MUHIDIN MUSTAFA failed to report his employment and his involvement in business enterprises, and he failed to report the income he earned as a result of these activities, in order to defraud OWCP by falsely maintaining his eligibility to receive disability compensation benefits from the program. Had JOSEPH MUHIDIN MUSTAFA reported his earnings from the activities referenced in paragraphs 8 through 10, OWCP would have recalculated his benefits, which would have resulted in him receiving either less money or no money at all.

### COUNT ONE
### Federal Employee Compensation Act Fraud

12. Paragraphs 1 through 11 of the Indictment are re-alleged as though fully set forth herein.

13. On or about January 8, 2005, in the District of Columbia and elsewhere, for the purpose of executing and carrying out the aforementioned scheme and artifice, defendant JOSEPH MUHIDIN MUSTAFA knowingly and willfully made false, fictitious, and fraudulent

representations to OWCP when he certified on his annual Form 1032 that he had not received any income from either employment or involvement in a business enterprise during the period from November 8, 2003, to January 8, 2005, in order to continue to receive benefits totaling in excess of $1,000.

**(False Statement or Fraud to Obtain Federal Employees' Compensation, in Violation of Title 18, United States Code, Section 1920)**

### COUNTS TWO AND THREE
### (Mail Fraud)

14.   Paragraphs 1 through 11 of the Indictment are re-alleged as though fully set forth herein.

15.   On or about the date of each count listed below, in the District of Columbia and elsewhere, JOSEPH MUHIDIN MUSTAFA, for the purpose of executing the above-described scheme to defraud OWCP by falsely maintaining his eligibility to receive disability compensation benefits from the program, through knowing misrepresentations and omissions, did place or cause to be placed in any post office and authorized depository for mail matter, any matter and thing to be sent and delivered by the United States Postal Service.

| Count | Date of Mailing | Document Mailed |
|---|---|---|
| **Two** | 12/25/04 | Check covering the period from 11/28/04 to 12/25/04 |
| **Three** | 01/08/05 | Form 1032 covering period from November 8, 2003 to January 8, 2005 |

**(Mail Fraud, in violation of Title 18, United States Code, Sections 1341)**

## COUNTS FOUR AND FIVE
### (Wire Fraud)

16. Paragraphs 1 through 11 of the Indictment are re-alleged as though fully set forth herein.

17. At all times beginning on or about December 6, 2004, up and until on or about February 18, 2006, JOSEPH MUHIDIN MUSTAFA maintained a checking account with Chevy Chase Bank of Laurel, Maryland, checking account number 077-322532-3.

### Use of the Wires

18. On or about December 7, 2004, in the District of Columbia and elsewhere, defendant JOSEPH MUHIDIN MUSTAFA, for the purpose of executing the above-described scheme to defraud OWCP by falsely maintaining his eligibility to receive disability compensation benefits from the program, through knowing misrepresentations and omissions, knowingly transmitted and caused to be transmitted in interstate commerce, by means of wire communications, certain writings, signals and sounds, specifically a facsimile sent by JOSEPH MUHIDIN MUSTAFA in Bowie, MD (fax number 301-352-8190), to Catherine Modest Brookes at the U.S. Senate in Washington, DC (fax number 202-228-4672), enclosing a sign-up form to initiate the direct electronic deposit of JOSEPH MUHIDIN MUSTAFA'S disability compensation benefits directly into his Chevy Chase bank account in Laurel, MD.

**(Count Four, Wire Fraud, in violation of Title 18, United States Code, Section 1343)**

19. Between on or about January 22, 2005, and continuing until on or about February 18, 2006, in the District of Columbia and elsewhere, defendant JOSEPH MUHIDIN MUSTAFA, for the purpose of executing the above-described scheme to defraud OWCP by falsely maintaining his eligibility to receive disability compensation benefits from the program, through knowing misrepresentations and omissions, knowingly transmitted and caused to be transmitted in interstate commerce, by means of wire communications, sixteen wire transfers of funds from the U.S. Treasury in Philadelphia, PA, to his Chevy Chase Bank Account in Laurel, MD.

**(Count Five, Wire Fraud, in violation of Title 18, United States Code, Section 1343)**

### COUNT SIX
### (Theft of Public Money)

20. Paragraphs 1 through 11 of the Indictment are re-alleged as though fully set forth herein.

21. From the period beginning on or about November 28, 2004, continuing up and until the period ending on or about February 18, 2006, in the District of Columbia and elsewhere, JOSEPH MUHIDIN MUSTAFA did embezzle, steal, purloin, or knowingly convert to his use money belonging to the United States or an agency or department thereof, specifically the OWCP, by receiving and retaining this money with the intent to convert it to his use or gain. Specifically, from on or about December 25, 2004, until on or about February 18, 2006, JOSEPH MUHIDIN MUSTAFA did accept multiple checks and wire transfers of money belonging to the United States, in an amount totaling in excess of $1,000.

**(Theft of Public Money, in violation of Title 18, United States Code, Section 641)**

**COUNTS SEVEN AND EIGHT**
**(Obstruction of Justice)**

22.     Paragraphs 1 through 11 of the Indictment are re-alleged as though fully set forth herein.

23.     On or about August 22, 2006, at around 7:30 am, agents from the Federal Bureau of Investigations and the Department of Labor, Office of the Inspector General, conducted a search of JOSEPH MUHIDIN MUSTAFA'S residence at 12509 Hemm Place, in Bowie, MD.  The defendant was present during the search, and he gave a statement to Special Agent Tyre Lewis of the Department of Labor, Office of the Inspector General, in which he admitted to racing street cars, but denied his employment at Code 3 Security.  Mustafa further admitted to Special Agent Lewis that he created APS Security in June 2005, and began providing security services at Walker-Pontiac-Buick-GMC (Walker Pontiac), of 2404 Crain Highway, in Bowie, Maryland, in July 2005.

24.     On or about August 22, 2006, just hours after the search of his home, defendant JOSEPH MUHIDIN MUSTAFA approached Mike Clements, the general manager at Walker Pontiac, who had worked with JOSEPH MUHIDIN MUSTAFA since he began providing security services to Walker Pontiac in December 2004, while Defendant MUSTAFA was employed at Code 3 Security.  In a conversation that occurred around 2 p.m. that day, JOSEPH MUHIDIN MUSTAFA cautioned Mr. Clements not to say anything to anyone about MUSTAFA and Code 3 Security.  Inso doing, JOSEPH MUHIDIN MUSTAFA did knowingly and corruptly seek to hinder, delay, or otherwise prevent the communication to a law enforcement officer information relating to the commission of a Federal offense.

**(Count Seven, Obstruction of Justice, in violation of Title 18,**
**United States Code, Section 1512(b)(3))**

25.     On or about March 12, 2007, a representative of the District of Columbia United States Attorney's Office (DC-USAO) sent a letter to the defendant JOSEPH MUHIDIN MUSTAFA, informing him that he was the target of an investigation concerning alleged violations of Title 18, United States Code, Sections 1920 and 641.  On or about May 2, 2007, JOSEPH MUHIDIN MUSTAFA and his attorney met with a DC-USAO representative and Department of Labor, Office of the Inspector General, Special Agent Tyre Lewis, to discuss the allegations against him.

26.     Shortly thereafter, on or about May 30, 2007, the defendant caused a set of fraudulent letters to be delivered to a representative of the DC-USAO in an effort to convince the DC-USAO not to further proceed with its investigation.  These documents, signed by JOSEPH MUHIDIN MUSTAFA, were dated between on or about August 11, 2003, and on or about June 5, 2006, and purportedly sought his return to work or to have his benefits suspended.  These seven letters were allegedly mailed to OWCP's central processing office in London, Kentucky, but were never received there.  Moreover, during the period in which these letters were allegedly sent, JOSEPH MUHIDIN MUSTAFA was successfully communicating with OWCP.  Specifically, during that same period JOSEPH MUHIDIN MUSTAFA successfully arranged to have his disability compensation benefits deposited in his Chevy Chase Bank Account via direct deposit.

27.     JOSEPH MUHIDIN MUSTAFA did cause these seven letters to be provided to the U.S. Attorney's Office in the District of Columbia in an effort to corruptly obstruct, influence, and impede the investigation pending against himself.

**(Count Eight, Obstruction of Justice, in violation of Title 18,
United States Code, Section 1512(c)(2)))**

A TRUE BILL


FOREPERSON



ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA