RW:ir
07-23-08

**IN THE UNITED STATES OF AMERICA
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO: 07-310 (RMC)** |
| VS. | : | |
| **JOSEPH MUSTAFA** | : | |

FILED
JUL 2 5 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MOTION TO RECONSIDERATION OF SENTENCE**

TO THE HONORABLE ROSEMARY M. COLLYER, JUDGE OF SAID COURT.

The Defendant, Joseph Mustafa, by Walker and Marc L. Zayon, P.A., his attorneys, pursuant to 18 USC §3742 or Rule 59(e) of the Federal Rules of Civil Procedure, move that your Honor reconsider the sentence imposed upon the Defendant, and says:

1.  On July 17, 2008, Your Honor sentenced the Defendant to serve 6 months incarceration, plus 4 months on home detention, along with other terms and conditions.

2.  Defendant asks Your Honor to consider suspending the prison terms of the sentence, and directing that Defendant serve ten (10) months on home detention, along with the other terms and provisions imposed.

3.  In support of this request, Defendant asserts the following:

4.  Defendant entered a guilty plea in this matter many months ago, thereby relieving the Government of the time and expense of proving its case.

5. Defendant has been ordered to pay restitution in the sum of $32,000.00. He wants to comply with this order, and believes he can do so with the Court's assistance

6. On July 1, 2008, Defendant created and started up a small security company known as Atlantic Protection and Security, Inc.

7. When the company began, it had only one account. Since that time the company has grown to include Toyota of Bowie, Honda of Bowie, GMH (Government Military Housing), providing housing to the Walter Reed facility, Rolling Green Nursery, Buchcanan Brothers, Walker Pontiac, Hubert Construction, etc.

8. The reason for the growth of the company is the dedication, and around the clock hard work by this Defendant, who has worked approximately 80 hours per week to make this company succeed.

9. In order to pay back the Government the $32,000.00, it is imperative that the Defendant be in a position to carry on the work of this company. If he goes to prison for six months, the company will close its doors, and Defendant will have no income.

10. The future of the company, with Defendant's involvement, appears excellent. There is no one else to carry on.

11. Defendant's only partner is John Foote, a retired police officer. He is not able to do the work of the company. His involvement is limited, and is

based primarily on his law enforcement background which entitled the company to be licensed.

12. Defendant's mother, Barbara Mustafa, age 69, is in terrible health. She suffers from severe and advanced arthritist, and heart problems. She has had two knee and two hip replacements. She is partially dependent upon the Defendant for her support and substinance. There are no other family members to help her.

13. Further, there is a minimal police presence in Bowie, Maryland. (a total of four police cars.) This Defendant companies provides an essential service in bringing law enforcement to the community.

WHEREFORE, it is respectfully prayed:

a) That Your Honor grant Defendant a hearing on this request;

b) That Defendant be sentenced to serve 10 months on home detention, that he be ordered to make full restitution, along with all of the other terms and conditions imposed by Your Honor; and

c) That Defendant may have such other and further relief as may be deemed just and fair.

*[signature]*
ROLAND WALKER
Roland Walker & Marc L. Zayon, P.A.
200 E. Lexington Street
Court Square Building #306
Baltimore, Maryland 21202
410-727-3710
Attorneys for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23rd day of July, 2008, a copy of the aforegoing Motion for Reconsideration of Sentence was mailed, first class mail, postage prepaid to: Joycelyn S. Ballantine, Esquire, Assistant U.S. Attorney, U.S. Attorney's Office, 555 4th Street, N.W., Washington, D. C. 20530.

_____
ROLAND WALKER

## POINTS AND AUTHORITIES

*18 U.S.C. 3742*

*Fed. R. Civ. P. 59(e)*

*Fed. R. Civ. P. 60(b)*

[Left column partially cut off:]

 NOTES

al Procedure was
nd is covered by
ocedure, Title 28,

Rule)
RIMINAL

abolished, Rule

order to assign

 NOTES

al Procedure was
and is covered by
cedure, Title 28,

hed—(Rule)
RIMINAL

37(a)(1).

 NOTES

al Procedure was
and is covered by
cedure, Title 28,

ari—(Rule)
RIMINAL

tion, Rules 38(c)

 NOTES

nal Procedure was
and is covered by
cedure, Title 28,

ail Reform Act in
inally contained in
Notes of Advisory
es under Rule 46,

### § 3736. Certiorari—(Rule)

SEE FEDERAL RULES
PROCEDUI

Petition to Supreme Court, time, Rule 37(b).
(June 25, 1948, c. 645, 62 Stat. 845.)

#### HISTORICAL AND STATUTORY NOTES

**References in Text**

Rule 37 of the Federal Rules of Criminal Procedure was abrogated Dec. 4, 1967, eff. July 1, 1968. Provisions of such former rule for certiorari are covered by rule 19 et seq., of the Rules of the United States Supreme Court, Title 28, Judiciary and Judicial Procedure.

### § 3737. Record—(Rule)

SEE FEDERAL RULES OF CRIMINAL
PROCEDURE

Preparation, form; typewritten record, Rule 39(b).

Exceptions abolished, Rule 51.

Bill of exceptions unnecessary, Rule 37(a)(1).
(June 25, 1948, c. 645, 62 Stat. 846.)

#### HISTORICAL AND STATUTORY NOTES

**References in Text**

Rule 37 and 39 of the Federal Rules of Criminal Procedure was abrogated Dec. 4, 1967, eff. July 1, 1968, and are covered by rules 10, Federal Rules of Appellate Procedure, Title 28, Judiciary and Judicial Procedure.

### § 3738. Docketing appeal and record—(Rule)

SEE FEDERAL RULES OF CRIMINAL
PROCEDURE

Filing record on appeal and docketing proceeding; time, Rule 39(c).
(June 25, 1948, c. 645, 62 Stat. 846.)

#### HISTORICAL AND STATUTORY NOTES

**References in Text**

Rule 39 of the Federal Rules of Criminal Procedure was abrogated Dec. 4, 1967, eff. July 1, 1968, and is covered by rules 10 to 12, Federal Rules of Appellate Procedure, Title 28, Judiciary and Judicial Procedure.

### § 3739. Supervision—(Rule)

SEE FEDERAL RULES OF CRIMINAL
PROCEDURE

Control and supervision in appellate court, Rule 39(a).
(June 25, 1948, c. 645, 62 Stat. 846.)

#### HISTORICAL AND STATUTORY NOTES

**References in Text**

Rule 39 of the Federal Rules of Criminal Procedure was abrogated Dec. 4, 1967, eff. July 1, 1968, and is covered by ederal Rules of Appellate Procedure, Title 28, nd Judicial Procedure.

### Argument—(Rule)

SEE FEDERAL RULES OF CRIMINAL
PROCEDURE

Setting appeal for argument; preference to criminal appeals, Rule 39(d).
(June 25, 1948, c. 645, 62 Stat. 846.)

#### HISTORICAL AND STATUTORY NOTES

**References in Text**

Rule 39 of the Federal Rules of Criminal Procedure was abrogated Dec. 4, 1967, eff. July 1, 1968, and is covered by rule 34, Federal Rules of Appellate Procedure, Title 28, Judiciary and Judicial Procedure.

### § 3741. Harmless error and plain error—(Rule)

SEE FEDERAL RULES OF CRIMINAL
PROCEDURE

Error or defect as affecting substantial rights, Rule 52.

Defects in indictment, Rule 7.

Waiver of error, Rules 12(b)(2) and 30.
(June 25, 1948, c. 645, 62 Stat. 846.)

### § 3742. Review of a sentence

(a) **Appeal by a defendant.**—A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

(b) **Appeal by the Government.**—The Government may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines;

(3) is less than the sentence specified in the applicable guideline range to the extent that the sentence includes a lesser fine or term of imprisonment, probation, or supervised release than the

minimum established in the guideline range, or includes a less limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the minimum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

The Government may not further prosecute such appeal without the personal approval of the Attorney General, the Solicitor General, or a deputy solicitor general designated by the Solicitor General.

**(c) Plea agreements.**—In the case of a plea agreement that includes a specific sentence under rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure—

(1) a defendant may not file a notice of appeal under paragraph (3) or (4) of subsection (a) unless the sentence imposed is greater than the sentence set forth in such agreement; and

(2) the Government may not file a notice of appeal under paragraph (3) or (4) of subsection (b) unless the sentence imposed is less than the sentence set forth in such agreement.

**(d) Record on review.**—If a notice of appeal is filed in the district court pursuant to subsection (a) or (b), the clerk shall certify to the court of appeals—

(1) that portion of the record in the case that is designated as pertinent by either of the parties;

(2) the presentence report; and

(3) the information submitted during the sentencing proceeding.

**(e) Consideration.**—Upon review of the record, the court of appeals shall determine whether the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines;

(3) is outside the applicable guideline range, and

(A) the district court failed to provide the written statement of reasons required by section 3553(c);

(B) the sentence departs from the applicable guideline range based on a factor that—

(i) does not advance the objectives set forth in section 3553(a)(2); or

(ii) is not authorized under section 3553(b); or

(iii) is not justified by the facts of the case; or

(C) the sentence departs to an unreasonable degree from the applicable guidelines range, having regard for the factors to be considered in imposing a sentence, as set forth in section 3553(a) of this title and the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c); or

(4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.

The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and, except with respect to determinations under subsection (3)(A) or (3)(B), shall give due deference to the district court's application of the guidelines to the facts. With respect to determinations under subsection (3)(A) or (3)(B), the court of appeals shall review de novo the district court's application of the guidelines to the facts.

**(f) Decision and disposition.**—If the court of appeals determines that—

(1) the sentence was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate;

(2) the sentence is outside the applicable guideline range and the district court failed to provide the required statement of reasons in the order of judgment and commitment, or the departure is based on an impermissible factor, or is to an unreasonable degree, or the sentence was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable, it shall state specific reasons for its conclusions and—

(A) if it determines that the sentence is too high and the appeal has been filed under subsection (a), it shall set aside the sentence and remand the case for further sentencing proceedings with such instructions as the court considers appropriate, subject to subsection (g);

(B) if it determines that the sentence is too low and the appeal has been filed under subsection (b), it shall set aside the sentence and remand the case for further sentencing proceedings with such instructions as the court considers appropriate, subject to subsection (g);

(3) the sentence is not described in paragraph (1) or (2), it shall affirm the sentence.

**(g) Sentencing upon remand.**—A district court to which a case is remanded pursuant to subsection (f)(1) or (f)(2) shall resentence a defendant in accordance with section 3553 and with such instructions as may have been given by the court of appeals, except that—

(1) In determining the range referred to in subsection 3553(a)(4), the court shall apply the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that were in effect on the date of the previous sentencing of the defendant prior to the appeal, together with any amendments thereto by any act of Congress that was in effect on such date; and

[Left column partially obscured by black ink blot — fragments visible:]

...or which there is
...and is plainly
...regard to the
...lge the credibili-
...the findings of
...are clearly erro-
...erminations un-
...give due defer-
...of the guidelines
...minations under
...of appeals shall
...oplication of the

...the court of ap-

...violation of law
...ct application of
...rt shall remand
...roceedings with
...ers appropriate;
...pplicable guide-
...ailed to provide
...in the order of
...ne departure is
...r is to an unrea-
...imposed for an
...able sentencing
...le, it shall state
...nd—

...sentence is too
...d under subsec-
...entence and re-
...ing proceedings
...rt considers ap-
...);
...sentence is too
...d under subsec-
...entence and re-
...ing proceedings
...rt considers ap-
...);
...in paragraph (1)

...district court
...subsection (f)(
...t in accordan
...ructions as ma
...ls, except that
...erred to in su
...pply the guid
...nmission purs
..., United Sta
...the date of
...nt prior to
...ents thereto
...ct on such d

(2) The court shall not impose a sentence outside the applicable guidelines range except upon a ground that—

(A) was specifically and affirmatively included in the written statement of reasons required by section 3553(c) in connection with the previous sentencing of the defendant prior to the appeal; and

(B) was held by the court of appeals, in remanding the case, to be a permissible ground of departure.

(h) **Application to a sentence by a magistrate judge.**—An appeal of an otherwise final sentence imposed by a United States magistrate judge may be taken to a judge of the district court, and this section shall apply (except for the requirement of approval by the Attorney General or the Solicitor General in the case of a Government appeal) as though the appeal were to a court of appeals from a sentence imposed by a district court.

(i) **Guideline not expressed as a range.**—For the purpose of this section, the term "guideline range" includes a guideline range having the same upper and lower limits.

(j) **Definitions.**—For purposes of this section—

(1) a factor is a "permissible" ground of departure if it—

(A) advances the objectives set forth in section 3553(a)(2); and

(B) is authorized under section 3553(b); and

(C) is justified by the facts of the case; and

(2) a factor is an "impermissible" ground of departure if it is not a permissible factor within the meaning of subsection (j)(1).

(Added Pub.L. 98–473, Title II, § 213(a), Oct. 12, 1984, 98 Stat. 2011, and amended Pub.L. 99–646, § 73(a), Nov. 10, 1986, 100 Stat. 3617; Pub.L. 100–182, §§ 4 to 6, Dec. 7, 1987, 101 Stat. 1266, 1267; Pub.L. 100–690, Title VII, § 7103(a), Nov. 18, 1988, 102 Stat. 4416, 4417; Pub.L. 101–647, Title XXXV, §§ 3501, 3503, Nov. 29, 1990, 104 Stat. 4921; Pub.L. 101–650, Title III, § 321, Dec. 1, 1990, 104 Stat. 5117; Pub.L. 103–322, Title XXXIII, § 330002(k), Sept. 13, 1994, 108 Stat. 2140; Pub.L. 108–21, Title IV, § 401(d) to (f), Apr. 30, 2003, 117 Stat. 670, 671.)

## HISTORICAL AND STATUTORY NOTES

**References in Text**

Section 3563(b)(6) and (b)(11), referred to in subsecs. (a)(3) and (b)(3), were renumbered section 3563(b)(5) and (b)(10) by Pub.L. 104–132, Title II, § 203(2)(B), April 24, 1996, 110 Stat. 1227.

The Federal Rules of Criminal Procedure, referred to in subsec. (c), are set out in this title.

**Effective and Applicability Provisions**

**1987 Acts.** Amendment by Pub.L. 100–182 applicable with respect to offenses committed after enactment of Pub.L. 100–182, which was approved Dec. 7, 1987, see section 26 of Pub.L. 100–182, set out as a note under section 3006A of this title.

**1984 Acts.** Section effective on the first day of first calendar month beginning thirty six months after Oct. 12, 1984, applicable only to offenses committed after taking effect of sections 211 to 239 of Pub.L. 98–473, and except as otherwise provided for therein, see section 235 of Pub.L. 98–473, as amended, set out as a note under section 3551 of this title.

**Change of Name**

Words "magistrate judge" and "United States magistrate judge" substituted for "magistrate" and "United States magistrate" in subsec. (g) pursuant to section 321 of Pub.L. 101–650, set out as a note under 28 U.S.C.A. § 631.

**Change of Name**

United States magistrate appointed under section 631 of Title 28, Judiciary and Judicial Procedure, to be known as United States magistrate judge after Dec. 1, 1990, with any reference to United States magistrate or magistrate in Title 28, in any other Federal statute, etc., deemed a reference to United States magistrate judge appointed under section 631 of Title 28, see section 321 of Pub.L. 101–650, set out as a note under section 631 of Title 28.

## [CHAPTER 237—REPEALED]

**§ 3771. Repealed. Pub.L. 100–702, Title IV, § 404(a)(1), Nov. 19, 1988, 102 Stat. 4651]**

### HISTORICAL AND STATUTORY NOTES

Section, Acts June 25, 1948, c. 645, 62 Stat. 846; May 24, [1949], c. 139, § 59, 63 Stat. 98; May 10, 1950, c. 174, § 1, 64 [Stat.] 158; July 7, 1958, Pub.L. 85–508, § 12(k), 72 Stat. 348; [Aug.] 18, 1959, Pub.L. 86–3, § 14(g), 73 Stat. 11; Oct. 17, [1968,] Pub.L. 90–578, Title III, § 301(a)(2), 82 Stat. 1115, [relat]ed to procedure to and including verdict.

**Effective Date of Repeal**

Sections repealed effective Dec. 1, 1988, see section 407 of Pub.L. 100–702, set out as a note under section 2071 of Title 28, Judiciary and Judicial Procedure.

**[§ 3772. Repealed. Pub.L. 100–702, Title IV, § 404(a)(1), Nov. 19, 1988, 102 Stat. 4651]**

### HISTORICAL AND STATUTORY NOTES

Section, Acts June 25, 1948, c. 645, 62 Stat. 846; May 24, 1949, c. 139, § 60, 63 Stat. 98; July 7, 1958, Pub.L. 85–508,

## Rule 59. New Trial; Altering or Amending a Judgment

(a) In General.

**(1) Grounds for New Trial.**
The court may, on motion, grant a new trial on all or some of the issues — and to any party — as follows:
   (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or
   (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

**(2) Further Action After a Nonjury Trial.**
After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

(b) Time to File a Motion for a New Trial.

A motion for a new trial must be filed no later than 10 days after the entry of judgment.

(c) Time to Serve Affidavits.

When a motion for a new trial is based on affidavits, they must be filed with the motion. The opposing party has 10 days after being served to file opposing affidavits; but that period may be extended for up to 20 days, either by the court for good cause or by the parties' stipulation. The court may permit reply affidavits.

(d) New Trial on the Court's Initiative or for Reasons Not in the Motion.

No later than 10 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order.

(e) Motion to Alter or Amend a Judgment.

A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment.

## Rule 60. Relief from Judgment or Order

(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.

The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
  (1) mistake, inadvertence, surprise, or excusable neglect;
  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
  (4) the judgment is void;
  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
  (6) any other reason that justifies relief.

(c) Timing and Effect of the Motion.

**(1) Timing.**
A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
**(2) Effect on Finality.**
The motion does not affect the judgment's finality or suspend its operation.

(d) Other Powers to Grant Relief.

This rule does not limit a court's power to:
  (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
  (2) grant relief under 28 U.S.C. Â§ 1655 to a defendant who was not personally notified of the action; or
  (3) set aside a judgment for fraud on the court.

(e) Bills and Writs Abolished.

The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.