UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 07-310 (RMC) |
| v. : | |
| : | |
| JOSEPH MUHIDIN MUSTAFA, : | |
| Defendant. : | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO REDUCE HIS SENTENCE**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to defendant Mustafa's motion to reduce his sentence.

1.     Joseph Muhidin Mustafa was sentenced by this Court on July 17, 2008, to a period of 6 months of incarceration, followed by 4 months of "location monitoring." In addition, the Court imposed a period of 3 years of supervised release, and ordered the Defendant to pay restitution in the amount of $32,311.

2.     On July 25, 2008, the Defendant filed a motion asking the Court to reconsider its sentence. The defendant's primary reason for seeking a reduction in his sentence is that he asserts he will lose his business if he is required to spend time in jail, and that he will then be unable to (1) pay restitution to the government (Defendant's Motion at ¶¶ 5, 9); (2) assist his mother (Defendant's Motion at ¶ 12); and (3) provide essential law enforcement services to the people of Bowie, Maryland (Defendant's Motion at ¶ 13).

3.     Title 18, United States Code, Section 3742(a) permits a defendant to petition for review of an otherwise final sentence only where that sentence:

      (1) was imposed in violation of law;

>   (2) was imposed as a result of an incorrect application of the sentencing guidelines;
>
>   (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
>
>   (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3472(a).  Because the defendant has no basis to appeal his sentence, and because the sentence the Court imposed is appropriate, fair, and just, the Government asks this Court to deny the defendant's motion without a hearing.

4.     The sentence imposed by the Court was not imposed in violation of law.  The defendant entered a plea of guilty in this case to one count of Federal Employee Compensation Benefits Fraud on April 15, 2008.  A violation of Title 18, United States Code, Section 1920 carries a maximum sentence of five years of incarceration, a fine of $250,000, and a term of supervised release of no more than three years.  See 18 U.S.C. §§ 1920, 3571(b)(3), 3583(b)(2).  The sentence imposed by the Court of 6 months of imprisonment, followed by a term of 4 months of "location monitoring," three years of supervised release, and restitution in the amount of $32,311, was well-within the penalties allowed by law for the defendant's crime.

5.     Nor was the Court's sentence imposed as a result of an incorrect application of the sentencing guidelines.  A complete presentence investigation was conducted in this case, and the Court conducted an inquiry and made specific findings about the applicable sentencing guidelines at the sentencing hearing on July 17, 2008. At that hearing, the Court found that the

base offense level applicable to the defendant was a level 12.  See also Presentence Report (PSR) ¶ 33.  This offense level was determined in large part by the amount of loss ($32,311) attributed to the defendant's fraud on the Government.  Indeed, the defendant acknowledged under oath in the factual proffer provided at sentencing that "from January 2, 2004, through February 18, 2006 (the last day on which he received OWCP benefits), Mustafa was paid $32,311, which he should not have received."  (Factual Proffer at 5.)  The defendant did not contest this loss calculation at sentencing; not has he done so in his motion to reduce his sentence.

6.     The Court further found by a preponderance of the evidence that the defendant had obstructed justice, and applied a two-level enhancement to the defendant's base offence level calculation.  The Court also determined that – although it was a close call – the defendant had accepted responsibility by virtue of his plea and that he therefore warranted a two-level reduction in his base offense level.  The Court concluded that the defendant's adjusted offense level was a level 12.

7.     The defendant's criminal history criminal history category was calculated as a "I".  See PSR ¶ 39.  The Court then correctly determined that the Guideline range for the defendant is 10 to 16 months of imprisonment; because this range falls within Zone C, the Guidelines recommend that at least one-half of the minimum term by satisfied by imprisonment.  See PSR ¶ 78.  The Court sentenced the defendant at the low-end of the applicable Guideline range, and further permitted the defendant to serve 60% of the sentence in jail, and 40% of the sentence under "location monitoring" supervision.

8.     The sentence imposed by the court resulted from a correct application of the Guidelines.  Moreover, the sentence – in all aspects – was well-within the range specified by the Guidelines.

9       Joseph Mustafa engaged in a pattern of lying to the government about his eligibility for benefits over a period of at least two full years, and defrauded the government of at least $32,311.  When he learned that he was being investigated for his illegal activities, he attempted to thwart the efforts of the Department of Labor investigators and of the United States Attorney's Office to determine the full extent of his conduct.  Government benefits such as the disability program administered by OWCP are funded by taxpayers who rightfully demand accountability and honesty on the part of the programs' participants.  The Court's sentence in this case was legal, it fell squarely within the correctly-determined Guidelines range, and it took into account the factors set forth in 18 U.S.C. Section 3553.

WHEREFORE, the government respectfully requests that the Court deny the defendant's motion to reduce his sentence without a hearing.

        Respectfully submitted,

        JEFFREY A . TAYLOR
        United States Attorney
        Bar No. 498610


        /s/
_____
        JOCELYN S. BALLANTINE
        Assistant United States Attorney
        California Bar No. 208-267
        555 4th Street, N.W., Room 9429
        Washington, DC 20530
        Jocelyn.Ballantine2@usdoj.gov
        Phone: 514-7513
        Fax: 305-1577