UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> ) <br> ) <br> ) <br> v.                                          ) <br> ) <br> JOSEPH MUHIDIN MUSTAFA, ) <br> ) <br> Defendant.                        ) <br> _____) | Criminal Action No. 07-310 (RMC) <br><br> **FILED** <br> AUG 2 0 2008 <br> NANCY MAYER WHITTINGTON, CLERK <br> U.S. DISTRICT COURT |

**ORDER**

Joseph Muhidin Mustafa was sentenced by the Court on July 17, 2008 and on July 25, 2008, he filed a motion asking the Court to reconsider his sentence. Mr. Mustafa had entered a plea of guilty on April 15, 2008, to one count of Federal Employee Compensation Benefits Fraud, *i.e.*, receiving and accepting federal workers' compensation benefits to which he was not entitled. He faced a maximum sentence of five years' incarceration, a fine of $250,000, restitution, and a term of supervised release of no more than three years. *See* 18 U.S.C. §§ 1920, 3571(b)(3), 3583(b)(2). The Court imposed a sentence of six (6) months imprisonment, followed by a term of four (4) months of "location monitoring," three (3) years of supervised release, and restitution in the amount of $32,311.

Mr. Mustafa asks the Court to reconsider because he will lose his business if he is required to spend time in jail, which will make him unable to: 1) pay restitution to the United States; 2) assist with the support and care of his mother; and 3) provide private security services to the people of Bowie, Maryland.

The Court declines to reconsider or reduce Mr. Mustafa's sentence. First, he offers

no argument that suggests that the sentence violates 18 U.S.C. § 3742(a), which is the statutory basis for a defendant's petition for review of a final sentence. Second, Mr. Mustafa acknowledged under oath that "from January 2, 2004, through February 18, 2006, (the last day on which he received [federal workers' compensation] benefits) [Mr.] Mustafa was paid $32,311, which he should not have received." See Factual Proffer at 5. Obviously, this was a long-term fraud and not a one-time or serendipitous event. Third, Mr. Mustafa's adjusted offense level was 12 and his criminal history category was I, resulting in a sentence under the advisory U.S. Sentencing Guidelines of 10 to 16 months imprisonment. For the reasons argued in his motion to reconsider, all of which were presented and considered at sentencing, as well as the factors in 18 U.S.C. § 3553(a), the Court sentenced Mr. Mustafa to the low end of the Guideline range and ordered that he serve 40% of that sentence under "location monitoring," which will allow him to be out of prison and in the community for the last four months of his sentence.

Defendant's motion to reconsider his sentence [Dkt. # 16] presents no legal argument in its favor and offers no new evidence concerning the sentencing factors in 18 U.S.C. § 3553(a). It is **DENIED**.

**SO ORDERED.**

/s/ Rosemary M. Collyer
ROSEMARY M. COLLYER
United States District Judge

DATE: August 19, 2008